[Cite as *State v. Roth*, 2018-Ohio-4005.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| RYAN J. ROTH | : | Case No. CT2017-0069 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:            Appeal from the Muskingum County
                                    Court of Common Pleas, Case No.
                                    CR2017-0184

JUDGMENT:                           Affirmed

DATE OF JUDGMENT:                   September 28, 2018

APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

D. MICHAEL HADDOX                           ERIC J. ALLEN
Prosecuting Attorney                        The Law Office of Eric J. Allen, Ltd.
                                            4605 Morse Rd., Suite 201
By: GERALD V. ANDERSON II                   Gahanna, Ohio 43230
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702-0189

*Baldwin, J.*

{¶1}  Defendant-appellant Ryan J. Roth appeals his sentence from the Muskingum County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}  On or about October 22, 2016, appellant burglarized the home of Peter and Tara Woods while they, their children and friends of their children were sleeping. The stolen items included an iPad, iPhone, purse, wallet, cash and credit cards, among other items.  Peter Woods was able to locate his iPhone using an app. Appellant, who had the cellphone, contacted Peter Woods and met with him in order to return the phone in exchange for $20.00. It was later discovered that Peter Woods' credit card had been used in and around Zanesville, Ohio multiple times. Using videos of the transactions, law enforcement was able to identify appellant as the one who was using the stolen credit card. Further investigation revealed that appellant had a bag in his possession containing miscellaneous stolen items belonging to Jessica Henderson.

{¶3}   On May 25, 2017, appellant was indicted on one count  (Count One) of burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree, one count (Count Two) of theft ($1,000- $7,500) in violation of R.C. 2913.02(A)(1), a felony of the fifth degree, one count (count Three) of theft (checks) in violation of R.C. 2913.02(A)(1), a felony of the fifth degree,  one count (Count Four) of theft (credit cards) in violation of R.C. 2913.02(A)(1), a felony of the fifth degree, one count (Count Five) of misuse of a credit card (less than $1,000) in violation of R.C. 2913.21(B)(2), a misdemeanor of the first degree, and one count  (Count Six) of receiving stolen property (less than $1,000)  in

violation of R.C. 2913.51(A), a misdemeanor of the first degree. At his arraignment on June 7, 2017, appellant entered a plea of not guilty to the charges.

{¶4} On August 14, 2017, appellant entered a plea of guilty to six of the counts. At the request of the State, Count Three of the Indictment (theft-checks) was dismissed.

{¶5} As memorialized in an Entry filed on September 19, 2017, appellant was sentenced to an aggregate prison sentence of six (6) years and was ordered to pay restitution the amount of $2,251.22.

{¶6} Appellant now appeals, raising the following assignment of error on appeal:

{¶7} "I. THE RECORD IN THIS MATTER DOES NOT SUPPORT MORE THAN THE JOINT SENTENCING RECOMMENDATION PRESENTED TO THE COURT."

I

{¶8} Appellant, in his sole assignment of error, argues that the record does not support his sentence. Appellant contends that the record does not support more than the joint recommendation to the trial court that appellant serve four years in prison.

{¶9} Appellant was sentenced for both felonies and misdemeanors. He was sentenced to six (6) years on Count One, to eleven (11) months on Count Two, to eleven (11) months on Count Four, to six (6) months in jail on County Five and to six months in jail on Count Six. The trial court ordered that the sentences be served concurrently for an aggregate prison sentence of six (6) years.

{¶10} We review felony sentences not for an abuse of discretion, but rather using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we

clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

{¶11} Pursuant to *Marcum*, this court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under relevant statutes, or (2) the sentence is otherwise contrary to law. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477, 120 N.E.2d 118.

{¶12} Under R.C. 2929.11(A), the "overriding purposes" of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. R.C. 2929.11(A).

{¶13} R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria

which do not control the court's discretion but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶14} Among the various factors that the trial court must consider and balance under R.C. 2929.12 are: (1) serious physical, psychological, or economic harm to the victim as a result of the offense; (2) whether the offender has a history of criminal convictions; (3) whether the offender has not responded favorably to sanctions previously imposed by criminal convictions; and (4) whether the offender shows genuine remorse for the offense. R.C. 2929.12.

{¶15} R.C. 2929.11 and 2929.12 require consideration of the purposes of felony sentencing, as well as the factors of seriousness and recidivism. *See State v. Mathis*, 109 Ohio St.3d 54, 846 N.E.2d 1, 2006–Ohio–855, ¶ 38.

{¶16} In the case sub judice, appellant, in support of his argument, contends that the trial court ignored the fact that appellant showed genuine remorse for his actions and accepted responsibility. Appellant also emphasizes that appellant had a turbulent family history with a lot of family-involvement and that he recognized that he had a problem with substance abuse.

{¶17} The trial court, in sentencing appellant to six years and declining to follow the joint recommendation of four years , noted that there were at least five children in the house that appellant broke into and that appellant had a criminal history that included assault, OVI, hit skip, disorderly conduct, resisting arrest, and aggravated menacing. Appellant also had a grand theft in Florida. The trial court stated that it had reviewed the

presentence investigation and a letter from the victims. The trial court further pointed out that appellant took $20.00 from Peter Woods in exchange for giving him back his phone.

{¶18} Based on the foregoing, we find that the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code. Upon a thorough review, we find the record clearly and convincing supports the sentence imposed by the trial court.

{¶19} Appellant's sole assignment of error is, therefore, overruled.

{¶20} Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, Earle, J. concur.