[Cite as *State v. Mixon*, 2025-Ohio-2970.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0021 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2024-0680 |
| ANTHONY W. MIXON, JR., | |
| Defendant – Appellant | Judgment:  Affirmed |
| | Date of Judgment Entry:  August 19, 2025 |

**BEFORE:** William B. Hoffman; Andrew J. King; Robert G. Montgomery, Appellate Judges

**APPEARANCES:** JOSEPH A. PALMER, for Plaintiff-Appellee; CHRIS BRIGDON, for Defendant-Appellant.

OPINION

*Montgomery, J.*

**STATEMENT OF THE FACTS AND THE CASE**

{¶1}   Following the death of a thirteen-month old child, Anthony W. Mixon, Jr. (hereinafter "Mixon"), was indicted on October 16, 2024, by the Muskingum County Grand Jury on three counts:

Count One: Endangering Children, R.C. 2921.22(A), 2919.22 E(2)(c);

Count Two: Involuntary Manslaughter, R.C. 2903.04 (A), 2903.04 (C); and

Count Three: Corrupting Another with Drugs, R.C. 2925.02(A)(2).

{¶2} Mixon was arraigned on October 23, 2024, and entered pleas of not guilty to all counts.

{¶3} On December 13, 2024, Mixon withdrew his pleas of not guilty and entered a plea of guilty to counts one and two. *Change of Plea Transcript*, pp. 17, 18.

{¶4} Mixon also pled guilty on this date to an F4 assault charge in Case No. CR2024-0714. *Id.*, p. 17.

{¶5} The trial court held a sentencing hearing on January 29, 2025, and merged counts one and two for purposes of sentencing. The trial court sentenced Mixon to "a minimum prison sentence of 10 years up to an indefinite maximum of 15 years in prison. That is mandatory time." *Id.*, p. 20.

{¶6} The trial court sentenced Mixon to "12 months in prison" in Case number CR2024-0714. *Id.*, p. 21.

{¶7} The trial court further ordered, "The 12-month sentence with regard to the 0714 case will run consecutively to the 0680 case for an aggregate minimum prison term of 11 years up to an indefinite maximum of 16 years in prison." *Id.,* pp. 21, 22.

{¶8} The trial court journalized its findings made at the sentencing hearing in an Entry filed in the Muskingum County Court of Common Pleas on January 31, 2025.

{¶9} As part of plea negotiations, the State filed a Motion to Dismiss count three of the indictment. Said motion was granted by the trial court through its *Order Granting Motion to Dismiss* filed on February 3, 2025.

{¶10} Mixon filed a Notice of Appeal on February 24, 2025, and asserts that,

{¶11} "I. THE TRIAL COURT ERRED IN IMPOSING AN AGGREGATE SENTENCE OF 11 TO 16 YEARS IN PRISON, CONSISTING OF A 10- TO 15-YEAR

INDEFINITE SENTENCE FOR INVOLUNTARY MANSLAUGHTER AND A CONSECUTIVE 12-MONTH SENTENCE FOR ASSAULT, WHERE THE SENTENCE WAS CONTRARY TO LAW AND NOT REASONABLY CALCULATED TO COMPLY WITH THE PRINCIPLES AND PURPOSES OF FELONY SENTENCING UNDER R.C. §§2929.11 AND 2929.12."

**STANDARD OF REVIEW**

**{¶12}** Mixon cites R.C. 2953.08(G)(2) in support of his argument. R.C. 2953.08(G)(2) states:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

> (a)   That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b)   That the sentence is otherwise contrary to law.

**ANALYSIS**

**{¶13}** Mixon's sole argument in his Argument section of his Appellant Brief is that, "The minimum sanctions to achieve the purpose of R.C. § 2929.11 were not reflected in the sentence appellant received." *Appellant Brief*, p. 5.

**{¶14}** Mixon cites *State v. Roth*, 2018-Ohio-4005 (5th Dist.), as support for his argument that an appellate court may review a trial court's sentence pursuant to R.C. 2953.08.

**{¶15}** This Court found in *Roth,* at ¶ 20, "R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law."

**{¶16}** Mixon does not argue that the record does not support the sentencing court's findings under R.C. 2929.13, R.C. 2929.14 or R.C. 2929.20 but argues that his sentence is contrary to law.

**{¶17}** Mixon states, "[t]he record does not support the conclusion that maximum and consecutive sentencing was the minimum sanction necessary to protect the public and punish Appellant proportionally. The sentence imposed was clearly and convincingly unsupported by the record and should be vacated as contrary to law." *Appellant Brief*, pp. 7, 8.

**{¶18}** Mixon pled guilty to Endangering Children, a F3 felony with a stated minimum prison term of 9, 12, 18, 24, 30 or 36 months. Mixon also pled guilty to

Involuntary Manslaughter, an F1 felony with a stated minimum prison term of 3, 4, 5, 6, 7, 8, 9, 10 or 11 years and a possible maximum of 16.5 years. *Plea of Guilty*, p. 1.

**{¶19}** The trial court merged counts one and two and sentenced Mixon to "a stated minimum mandatory prison term of ten (10) years; an indefinite prison term of fifteen (15) years." *1/31/2025 Entry*, p. 2.

**{¶20}** The prison time imposed by the court was mandatory because "Mr. Mixon has previous prior convictions for Felony 1 or 2 offenses and has previously been to prison would make any time that the Court imposes on Count 2, the F-1, mandatory prison time." *Sentencing Transcript*, p. 6.

**{¶21}** Mixon was also sentenced in case number CR2024-0714 during the sentencing hearing held in the trial court on January 29, 2025. The trial court ruled, "[y]ou will be sentenced to 12 months in prison." *Id.*, p. 21. The trial court went on to find, "The 12-month sentence with regard to the 0714 case will run consecutively to the 0680 case for an aggregate minimum prison term of 11 years up to an indefinite maximum of 16 years in prison." *Id.*, p. 22.

**{¶22}** Contrary to Mixon's statement in his brief, the trial court did not sentence him to the maximum prison term in the case sub judice. The trial court sentenced Mixon within the statutory range. The trial court found that, "Pursuant to ORC. § 2929.14(C)(4) *** the imposition of consecutive sentences are necessary to protect the public from future crime or to punish the Defendant, and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct, and to the danger the Defendant poses to the public." *1/31/2025 Entry*, p. 2.

**{¶23}** The trial court also found, "The Court has considered the record, all statements, any victim impact statement, the plea recommendation in this matter, as well as the principles and purposes of sentencing under Ohio Revised Code § 2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code § 2929.12." *Id.*, p. 12.

**{¶24}** The trial court stated in its Entry that it properly considered R.C. 2929.11 and 2929.12 prior to imposing sentence. The sentence the trial court imposed was within the statutory range. The trial court did not issue a sentence that was contrary to law.

## CONCLUSION

**{¶25}** This Court overrules Mixon's sole assignment of error and affirms the decision of the Muskingum County Common Pleas Court filed on January 31, 2025.

**{¶26}** Costs to Appellant.

By: Montgomery, J.

Hoffman, P.J. and

King, J. concur.