[Cite as *State v. Wiley*, 2025-Ohio-4385.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO,

Plaintiff - Appellee

-vs-

BRANDON S. WILEY,

Defendant – Appellant

Case No. 2025 CA 00003

<u>Opinion And Judgment Entry</u>

Appeal from the Licking County Common Pleas Court, Case No. 24 CR 00372

Judgment:   Affirmed

Date of Judgment Entry: September 18, 2025

**BEFORE:** William B. Hoffman; Andrew J. King; Robert G. Montgomery, Appellate Judges

**APPEARANCES:** JENNY WELLS, for Plaintiff-Appellee; CHRIS BRIGDON, for Defendant-Appellant.

OPINION

*Montgomery, J.*

**STATEMENT OF THE FACTS AND THE CASE**

**{¶1}** Brandon S. Wiley ("Wiley") illegally sold methamphetamines to a confidential informant on four separate occasions in May 2024. As a result, Wiley was indicted on five counts of Aggravated Trafficking in Drugs in the Licking County Common Pleas Court on June 6, 2024:

Count 1: Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1)(C)(1)(d), a felony of the second degree.

Count 2: Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1)(C)(1)(c), a felony of the third degree.

Count 3: Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1)(C)(1)(d), a felony of the second degree.

Count 4: Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(C)(1)(c), a felony of the second degree.

Count 5: Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(2)(C)(1)(d), a felony of the second degree.

{¶2} Wiley entered pleas of guilty to all five counts on December 10, 2024. The trial court sentenced Wiley on the same date.

{¶3} The trial court sentenced Wiley to a mandatory six years in prison on count one, thirty-six months in prison on count two and a mandatory prison term of six years on count three. The trial court merged counts four and five for purposes of sentencing and sentenced Wiley to a mandatory prison term of six years on count five. The trial court further ordered that the prison terms on counts one, three and five be served concurrently. Count two was ordered to be served consecutively. The total stated minimum prison term ordered was nine years. The trial court also found that pursuant to R.C. 2929.144, the maximum prison term ordered was twelve years.

{¶4} Wiley filed a Motion for Delayed Appeal that was granted by this Court on March 6, 2025. Wiley asserts the following assignment of error:

{¶5} "I. THE TRIAL COURT FAILED TO PROPERLY CONSIDER THE SENTENCING PURPOSES AND PRINCIPLES IN VIOLATION OF R.C. 2929.11 AND R.C. 2929.12, RENDERING THE SENTENCE CONTRARY TO LAW."

**ANALYSIS**

**{¶6}** Wiley states in his brief, "Although a trial court is not required to expressly cite R.C. 2929.11 and 2929.12 on the record, its sentence must reflect that it has considered these statutes." *Id.*, pp. 5-6.

**{¶7}** Wiley cites *State v. Foster*, 2006-Ohio-856, in support of his argument. *Foster at ¶* 42 states, "It is important to note that there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors."

**{¶8}** Wiley cites *State v. Bryant*, 2022-Ohio-1878, ¶ 20, in support of his argument that, "A sentence is contrary to law where the record does not support that the trial court properly considered R.C. 2929.11 and 2929.12." *Appellant Brief*, p. 7.

> Although a court imposing a felony sentence must consider the purposes of felony sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12, "neither R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual findings on the record."
> *Bryant*, at ¶ 20, citing *State v. Jones,* 2020-Ohio-6729, ¶ 20. (Other citations omitted.)

**{¶9}** Wiley cites *State v. Roth*, 2018-Ohio-4005, ¶ 16, as an example of a sentence that was reversed because it was "not properly aligned with R.C. 2929.11 and R.C. 2929.12." *Appellant Brief*, p. 6.

**{¶10}** This Court has reviewed *Roth* and has found that Wiley has incorrectly stated the *Roth* court's ruling. The *Roth* court held, "Upon a thorough review, we find the

record clearly and convincing [sic] supports the sentence imposed by the trial court." *Id.*, ¶ 18.

**{¶11}** In the case sub judice, the trial court's *Judgment of Conviction and Sentence*, p. 2, stated that the trial court had "considered the record, the statements of the parties, any victim impact statement and Pre-sentence Investigation Report prepared, as well as the purposes and principles of sentencing set forth in R.C. 2929.11 and balanced the seriousness and recidivism factors set forth in R.C. 2929.12."

**{¶12}** The trial court considered the purposes of sentencing and balanced the seriousness and recidivism factors as set out in R.C. 2929.11 and 2929.12.

**{¶13}** As stated in the cases that Wiley relies upon, "[n]either R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual findings on the record." *Bryant*, ¶ 20. "The trial court is merely to 'consider' the statutory factors." *Foster,* ¶ 42.

**{¶14}** Wiley has failed to cite a single case in his argument section that supports his assignment of error. *Roth*, *Bryant* and *Foster* all support the argument of Appellee that the decision of the trial court should be affirmed.

**{¶15}** Based upon the foregoing, Wiley's single assignment of error is overruled.

## CONCLUSION

{¶16} It is the decision of this Court to overrule Wiley's single assignment of error and affirm the Judgment of Conviction and Sentence filed in the Licking County Common Pleas Court on December 10, 2024.

{¶17} Costs to Appellant.

By: Montgomery, J.

Hoffman, P.J. and

King, J. concur.