[Cite as *State v. Summerville*, 2026-Ohio-198.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0065 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Common Pleas Court, Case No. CR2025-0009 |
| JAMES E. SUMMERVILLE, | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: January 21, 2026 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** RON WELCH, Muskingum County Prosecuting Attorney by JOSEPH A. PALMER, for Plaintiff-Appellee; CHRIS BRIGDON, for Defendant-Appellant.

*Montgomery, J.*

## STATEMENT OF THE FACTS AND THE CASE

{¶1} James E. Summerville ("Summerville") was involved in a hit-skip on January 5, 2025. Summerville admitted to consuming alcohol and failed field sobriety tests.

{¶2} Summerville was indicted on two counts of Operating a Vehicle Under the Influence of Alcohol, a Drug of Abuse or a Combination of Them in violation of R.C. 4511.19(A)(1)(a), 4511.19(G)(a)(d).

{¶3}    Summerville ultimately pled guilty to Count Two of the indictment, charging him with Operating a Vehicle Under the Influence of Alcohol or Drugs, a felony of the fourth degree, based on three prior OVI convictions within the preceding ten years.

{¶4}    The State of Ohio dismissed Count One.

{¶5}    The trial court sentenced Summerville to a 24-month prison term, imposed a $2,00.00 fine and suspended his drivers' license for life.

## ASSIGNMENTS OF ERROR

{¶6}    "I. THE TRIAL COURT ERRED IN IMPOSING A 24-MONTH PRISON TERM, LIFETIME DRIVER'S LICENSE SUSPENSION, AND $2,000 FINE FOR COUNT 2 (OPERATING A VEHICLE UNDER THE INFLUENCE, F4), BECAUSE THE SENTENCE WAS DISPROPORTIONATE, CONTRARY TO LAW, AND IMPOSED IN VIOLATION OF THE SENTENCING PRINCIPLES SET FORTH IN R.C. §§2929.11 AND 2929.12."

{¶7}    "II. THE TRIAL COURT ERRED BY RELYING ON APPELLANT'S PRIOR OVI CONVICTIONS TO ENHANCE HIS SENTENCE, WHERE THOSE PRIOR OVIS WERE ELEMENTS OF THE PRESENT F4 OVI OFFENSE AND ALREADY INCORPORATED INTO THE STATUTORY PENALTY STRUCTURE, RESULTING IN AN UNLAWFUL DOUBLE-COUNTING OF AGGRAVATING FACTORS IN VIOLATION OF R.C. §§2929.11 AND 2929.12.

## STANDARD OF REVIEW

{¶8}    Appellate courts review felony sentencings pursuant to R.C.2953.08(G)(2). "R.C. 2953.08(G)(2)(a) compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant

findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code." *State v. Marcum*, 146 Ohio St.3d 516, 521.

**{¶9}** *Marcum* goes on to state, **"**That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id*.

### ANALYSIS

**{¶10}** Summerville asserts two assignments of error in his brief but only argues the first assignment. Summerville argues in his first assignment of error that, "The minimum sanctions to achieve the purpose of R.C. § 2929.11 were not reflected in the sentence appellant received." *Appellant Brief*, p. 4.

**{¶11}** This Court found in *Roth*, "R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law." *State v. Roth*, 2018-Ohio-4005, ¶ 20 (5th Dist.).

**{¶12}** Summerville acknowledges that his sentence was within the statutory range but argues "[t]he trial court was still required to comply with R.C. 2929.11 and 2929.12 and impose the minimum sanctions that accomplish the purposes of felony sentencing." *Appellant Brief*, p. 5.

**{¶13}** Summerville pled guilty to OVI (3 priors in 10 years), a felony of the fourth degree in violation of ORC 4511.19(A)(2).

**{¶14}** The trial court found, "Defendant has a long history of driving convictions, has a prior felony conviction, violated the conditions of his bond, has not held a job since 2002 and is behind on child support." *July 16, 2025 Entry,* p. 2.

**{¶15}** R.C. 4511.19(G) mandates that a person found guilty of fourth degree felony OVI with three prior convictions within ten years serve a minimum of 120 days of local incarceration. The statute further authorizes an additional 30 months, for an aggregate range of 120 days to 42 months.

**{¶16}** The trial court sentenced Summerville to a 24-month prison term and a $2,000.00 fine. *Id.*

**{¶17}** The trial court also ordered that Summerville's driver's license be suspended for his lifetime. *Id.*

**{¶18}** The trial court found, "The Court has considered the record, all statements, any victim impact statement, the plea recommendation in this matter, as well as the principles and purposes of sentencing under Ohio Revised Code § 2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code § 2929.12. The Court finds that the Defendant has previously pled guilty to one (01) felony of the fourth degree". *July 16, 2025 Entry*, p. 1.

**{¶19}** The trial court stated in its Entry that it properly considered R.C. 2929.11 and 2929.12 prior to imposing sentence. The sentence the trial court imposed was within the statutory range.

**{¶20}** This Court has previously stated, "R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing

court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law." *Roth*, 2018-Ohio-4005, ¶ 20 (5th Dist.).

{¶21} Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. *Cross v. Ledford*, 161 Ohio St. 469, paragraph three of the syllabus (1954).

{¶22} Summerville has failed to show that the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I). Summerville's argument is that the purpose of R.C. 2929.11 was not reflected in Summerville's sentence. *Appellant Brief*, p. 4.

{¶23} The trial court specifically stated that it had considered the purposes and principles of sentencing under R.C. 2929.11 and issued a sentence that is within the statutory guidelines.

{¶24} This Court does not find that there is clear and convincing evidence that the record does not support the trial court's sentence.

{¶25} Summerville's first assignment of error is overruled.

{¶26} Summerville fails to make an argument with respect to his second assignment of error. Therefore, said assignment is overruled.

## CONCLUSION

{¶27} For the reasons stated in our accompanying Opinion, the judgment of the Muskingum County Court of Common Pleas is Affirmed.

{¶28} Costs to Appellant.


By: Montgomery, J.

Baldwin, P.J. and

Popham, J. concur.